G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@pricelawgroup.com

Attorneys for Plaintiff
NIEVES MEZA



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NIEVES MEZA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> VEROS CREDIT, LLC., a limited liability corporation; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No.: CV13- 4682 SVW (SHx) <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

### I. INTRODUCTION

1.  Nieves Meza (hereinafter referred to as "Plaintiff"), an individual consumer, brings this action to secure redress from unlawful credit collections practices engaged in by Veros Credit, LLC (hereinafter referred to as "Veros" and/or "Defendant"). Plaintiff alleges violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter referred to as "RFDCPA"); violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter referred to as "TCPA"); and violations of the California Penal Code §632.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendant transacts business here.

## III. PARTIES

5. Nieves Meza (Plaintiff) is an individual, residing in Little Rock, Los Angeles County, California 93543.

6. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that terms is defined by Cal. Civ. Code § 1788.2(h).

8. Veros Credit, LLC (Defendant) is a limited liability company, registered under the laws of the State of Nevada, with its principal place of business located at: 311 S. Division Street, Carson City, NV 89703. Defendant's Nevada business ID is NV20101572736. Defendants registered agent for service of process is Marla Merhab Robinson, 1551 N. Tustin Ave, Suite 910, Santa Ana, CA 92705.

COMPLAINT AND DEMAND FOR JURY TRIAL
- 2 -

9. Defendant, in the ordinary course of business, regularly engages in debt collection as that term is defined by Cal Civ. Code 1788.2(b), is therefore a debt collector as that terms is defined by Cal Civ. Code §1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing form a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal Civ. Code §1788.2(f).

11. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

12. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

13. At all times relevant, Defendant conducted business within the State of California.

14. Sometime before December 18, 2012, Plaintiff is alleged to have incurred certain financial obligations.

15. These financial obligations were primarily for personal, family or household purposes and are therefore a "consumer debt," as that terms is defined by Cal. Civ. Code § 1788.2(f).

16. Sometime thereafter, but before December 18, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

17. On or about December 18, 2012 and within one (1) year prior to the filing of this action, Defendant made a call to Plaintiff's cellular telephone number, (661) 346-8753. This telephone call was a "communication" as 15 U.S.C. § 1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

18. Defendant left a message on Plaintiff's cellular phone using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

19. In this message, the collector did not meaningfully identify itself as a debt collector and therefore failed to meaningfully disclose its identity to the Plaintiff. The collector also did not give the statutorily mandated disclosure required under 15 U.S.C. 1692e(11).

20. Defendant engaged in false and deceptive means by failing to identify itself as a debt collector in its communications with Plaintiff.

21. Upon information and belief, Defendant did not receive Plaintiff's express consent before using an artificial prerecorded voice or an automatic telephone dialing system to contact Plaintiff.

22. Upon information and belief, Defendant did not have an emergency purpose for contacting Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system.

23. Defendant willfully or knowingly violated the TCPA.

24. On or about December 18, 2012 and within one (1) year prior to the filing of this action, Defendant telephoned plaintiff a second time and demanded payment of the alleged debt. The collector also threatened to repossess the Plaintiff's vehicle if the debt was not paid. This telephone call was a "communication" as 15 U.S.C. § 1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

25. During this communication, Defendant failed to warn Plaintiff her telephone call was being recorded or to obtain her consent to do so.

26. California Penal Code § 632 prohibits unauthorized tape recording without the consent of the other person to the conversation. Section 632 provides a civil remedy against any person who "intentionally and without the consent of all parties to a confidential communication, by means of electronic amplifying or recording device, eavesdrops upon or records the confidential communication." Cal. Penal Code §§ 632(a), 637.2. It is a violation of this section to "record[] the conversation without first informing all parties to the conversation that the conversation is being recorded." Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 118 (2006).

27. Here, Defendant did not inform Plaintiff at the outset of the call that the conversation was being recorded. Defendant knew that such conversations were being monitored or recorded and knew Plaintiff did not know of such activity.

28. Plaintiff believes and alleges, that the defendant recorded the conversation using an electronic amplifying or recording device prohibited by California Penal Code § 632(a).

29. The natural and probable consequences of Defendant's conduct amount to a false representation or deceptive means to collect a debt or obtain information about a consumer.

COMPLAINT AND DEMAND FOR JURY TRIAL
- 5 -

30. The natural and probable consequences of Defendant's conduct is to harass, oppress, or abuse Plaintiff.

31. As a result of the acts alleged above, Plaintiff suffered emotional distress.

32. Defendant's illegal and abusive collection communications as described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

### V. FIRST CLAIM FOR RELIEF
### (Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*)

33. Plaintiff incorporates herein by reference paragraphs 1 through 32, inclusive, as though set forth in full herein.

34. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Civ. Code § 1788.11(b) of the RFDCPA by leaving a message on the Plaintiff's cellular phone and not disclosing its identity.

(b) Defendant violated Cal. Civ. Code §1788.17 of the RFDCPA by failing to comply with §1692 *et seq.* of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., as noted below:

    i. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    ii. Defendant violated §1692d(6) of the FDCPA by placing a call to the Plaintiff's cellular phone without disclosing its identity; and

  iii. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

  iv. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect a debt or obtain information about a consumer; and

  v. Defendant violated § 1692e(11) of the FDCPA by communicating with the Plaintiff without providing the "mini-Miranda" warning; and

  vi. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and costs and attorney fees.

### VI. SECOND CLAIM FOR RELIEF
(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

37. Plaintiff incorporates herein by reference paragraphs 1 through 36, inclusive, as though set forth in full herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§ 227(b)(1)(B)* by calling Plaintiff using an automatic telephone dialing system or an artificial prerecorded voice to Plaintiff's residential telephone line, without her express consent.

39. As a result of the foregoing violations of the TCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant violated the TCPA, actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to five hundred dollars ($500.00) for each violation of the TCPA pursuant to 47 U.S.C. § 227, and treble damages pursuant to 47 U.S.C. § 227.

### VII.  THIRD CLAIM FOR RELIEF
**(Violation of the California Penal Code § 632)**

40. Plaintiff incorporates herein by reference paragraphs 1 through 39, inclusive, as though set forth in full herein.

41. Defendant intentionally monitored or recorded confidential matters between Plaintiff and Defendant, without the consent of Plaintiff, who was a party to the call.

42. This conduct by Defendant violated section 632 of the California Penal Code.

43. Section 637.2 of the California Penal Code section provides a civil remedy to Plaintiff based upon Defendant's violation.

///
///
///
///
///

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant has violated the RFDCPA, TCPA, and California Penal Code; and

B. Injunctive relief prohibiting Defendant from initiating further telephone calls to Plaintiff in violation of the regulations prescribed under the TCPA; and

C. Actual damages; and

D. Statutory damages pursuant to 15 U.S.C. § 1692k; and

E. Trebled statutory damages pursuant to 47 U.S.C. § 227(c)(5); and

F. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

G. An amount of $5,000 for each violation of section 632 of the California Penal Code, or three times the amount of any actual damages sustained by plaintiff, whichever is greater.

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

I. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Nieves Meza, demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP, APC

Dated: June 26, 2013       By: _____
G. Thomas Martin, III
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV13- 4682 SVW (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| NIEVES MEZA, an individual, | ) | **CV13- 4682 SVW(SHx)** |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| VEROS CREDIT, LLC., a limited liability corporation; and DOES 1 to 10, inclusive, | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    VEROS CREDIT, LLC.
311 S. Division Street
Carson City, NV 89703


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*

Date: JUN 27 2013             _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

 ☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

 ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

 ☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

 ☐ I returned the summons unexecuted because _____ ; or

 ☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                   *Server's signature*

               _____
                   *Printed name and title*

               _____
                   *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NIEVES MEZA, an individual,

**DEFENDANTS**
VEROS CREDIT, LLC., a limited liability corporation; and DOES 1 to 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. § 227 et seq. Violations of the Telephone Consumer Protection Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV13- 4682

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                 CIVIL COVER SHEET                 Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 6/26/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |